JS 44 (Rev 06/17)

18-4614

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS
Cesar Bocachica, an incapacitated person by Idalia Maldonado, his guardian

**DEFENDANTS**
Southeastern Transportation Authority and Total Transit Corp

**(b)** County of Residence of First Listed Plaintiff     Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Bernard M  Gross
Two Penn Center, Suite 1820
Philadelphia, PA 19102    215-561-360

Attorneys *(If Known)*
Edward J. Tuite
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406  610-354-8250

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U S Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2  U S Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS  Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☒ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1  Original Proceeding | ☒ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from Another District *(specify)* | ☐ 6  Multidistrict Litigation - Transfer   ☐ 8  Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Plaintiff pleads violation of 42 U.S.C. Section 12181, et seq
Brief description of cause
Cesar M. Bocachica alleges civil rights violations of the ADA relating to the injuries sustained

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE  10/23/2018

SIGNATURE OF ATTORNEY OF RECORD

OCT 26 2018

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG JUDGE_____

*ER*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Cesar M. Bocechica, An Incapacitated
Person by Idalia Maldonado, his
guardian
                          v.

Southeastern Pennsylvania TRANSPortation
Authority (SEPTA) and Total TRANSIT CORP.

**18   4614**

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.             (⊠)

_10/26/18_                _Edward J. Tinte_                DEFENDANTS
**Date**                  **Attorney-at-law**             **Attorney for**

_610 354 8483_            _610 354 8299_                   _EJTinte@mdwcg.com_
**Telephone**             **FAX Number**                   **E-Mail Address**

(Civ. 660) 10/02

OCT 26 2018



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**18**  **4814**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **Cesar Bocachica and Idalia Maldonado, 515 Magee Ave., Phila., PA 19111**

Address of Defendant: SEPTA, 1234 Market Street, 5th Floor, Phila , PA 19107, 3099 Orthodox Street, Phila., PA 19137 (Total Transit Corp)

Place of Accident, Incident or Transaction: **24th and Oregon Avenue, Phila., PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _____   _____   _____
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2 FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
     *(Please specify)* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1 Insurance Contract and Other Contracts
- ☐ 2 Airplane Personal Injury
- ☐ 3 Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5 Motor Vehicle Personal Injury
- ☐ 6 Other Personal Injury *(Please specify)* _____
- ☐ 7 Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9 All other Diversity Cases
     *(Please specify)* . _____ . _____ . ___ ___ __

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

DATE _____   _____   _____
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P  38

*Civ 609 (5/2018)*

**OCT 26 2018**

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CESAR M. BOCACHICA, an Incapacitated person by IDALIA MALDONADO, his guardian | : <br> : <br> : |
| V. | : |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA) and TOTAL TRANSIT CORP. | : <br> : <br> : <br> : |

**18   4614**

## DEFENDANTS, SEPTA AND TOTAL TRANSIT CORP'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT, EASTERN DISTRICT OF PENNSYLVANIA

Defendants, Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA") and Defendant Total Transit Corp. hereby file this Notice of Removal of the instant matter from the Court of Common Pleas of Philadelphia County, Pennsylvania, where it is now pending to the United States District Court for the Eastern District of Pennsylvania and in support thereof avers as follows:

1.   This matter involves an action filed by Plaintiff, Cesar M. Bocachica, an incapacitated person by Idalia Maldonado, his guardian in connection with an incident that took place on June 4, 2018 involving a CCTC Connect Paratransit vehicle.

2.   Plaintiff filed a Civil Action Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, titled Cesar M. Bocachica, an incapacitated person by Idalia Maldonado, his guardian v. Southeastern Pennsylvania Transportation Authority (SEPTA) and Total Transit Corp. and docketed as case number 180902339. A true and correct copy of Plaintiffs' Complaint from the State Court is attached hereto and marked as Exhibit "A". A true and correct copy of the Court of Common Pleas docket is attached hereto and marked as Exhibit "B".

3. The documents attached hereto as Exhibit "A" constitute all of the pleadings served upon Defendants in this action. In the Complaint, Plaintiff alleges the following:

> 16. Defendants, SEPTA and TOTAL are governmental entities and/or businesses providing demand-response paratransit services for individuals with disabilities and Defendants' operations affect commerce. Consequently, SEPTA and/or TOTAL are subject to Title III of the Americans for Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq, in particular Section 304 thereof, 42 U.S.C. §12184.

> 17. The conduct previously alleged in Count One violates Title III of the ADA and the Federal Regulations promulgated pursuant to Title III, 28 C.F.R. part 36 and 49, C.F.R. parts 27, 37, and 38.

> 18. Title III of the ADA prohibits, *inter alia*, governmental entities primarily engaged in the business of transporting people with special needs and/or disabilities whose operations affect commerce from this community from discriminating against individuals with disabilities on the basis of their disability, and guarantees to them full and equal enjoyment of specified public transportation services.

> 19. Defendants, SEPTA and/or TOTAL have violated Title III of the ADA by, *inter alia*, failure to operate a service in a non-discriminatory manner, failing to insure that individuals with disabilities affecting their ability to ambulate and who use wheelchairs, have non-discriminatory, safe access to vehicle transportation services; and failing to insure that personnel are trained to be proficient regarding the safe operation of vehicles and equipment and with regard to the provision of respectful and courteous and proper service to passengers with disabilities.

4. This Court has original jurisdiction of this action of the provisions of 28 U.S.C. §1331, and it is one which may be removed to this Court by SEPTA and TOTAL pursuant to the provisions of 28 U.S.C. §1441(b) and that involves a matter arising under the United States Constitution and/or the laws of the United States.

5. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty (30) days after service upon Defendants.

6.   Written notice of the filing of the Notice of Removal was provided to Plaintiff and a copy of this Notice of Removal and supporting papers will be filed with the Clerk of the State Court, as provided by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants, Southeastern Pennsylvania Transportation Authority and Total Transit Corp., pray that the above-described action against in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed to this Court.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN**

BY: _____
Edward J. Tuite, Esquire
State I.D. No. 34631
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406

DATE: 10/26/18
LEGAL/119074384 v1

## **VERIFICATION**

EDWARD J. TUITE, ESQUIRE hereby verifies that he is the attorney for Defendants, Southeastern Pennsylvania Transportation Authority and Total Transit Corp. in the aforementioned matter; that the facts set forth in the foregoing Notice of the Removal of the above captioned action to this Court pursuant to 28 U.S.C. § 1441 and § 1446 and the same are true and correct to the best of his knowledge, information and belief; and that these statements are made subject to the penalties relating to unsworn falsification to authorities.

Dated: _10/26/18_

_____
EDWARD J. TUITE, ESQUIRE

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

CESAR M. BOCACHICA, an                  :
Incapacitated person by IDALIA          :
MALDONADO, his guardian                 :
V.                                      :
SOUTHEASTERN PENNSYLVANIA               :
TRANSPORTATION AUTHORITY                :
(SEPTA) and TOTAL TRANSIT  CORP.        :
                                        :

## CERTIFICATE OF SERVICE

I, Edward J. Tuite, certify that on this date, I served a copy of Notice of the Removal of

the above captioned action to this Court pursuant to 28 U.S.C. § 1441 and § 1446 via electronic

filing, to the following counsel:

Bernard M. Gross, Esquire
Two Penn Center, Suite 1820
1500 JFK Blvd.
Philadelphia, PA 19102


MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____

10/26/18

Edward J. Tuite, Esquire
Attorney for Defendants SEPTA and
Total Transit Corp.

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

SEPTEMBER 2018

E-Filing Number: 1809037434

002339

| | |
|---|---|
| PLAINTIFF'S NAME<br>CESAR M. BOCACHICA | DEFENDANT'S NAME<br>SEPTA |
| PLAINTIFF'S ADDRESS<br>515 MAGEE AVENUE<br>PHILADELPHIA PA 19111 | DEFENDANT'S ADDRESS<br>1234 MARKET STREET 5TH FLOOR<br>PHILADELPHIA PA 19107 |
| PLAINTIFF'S NAME<br>IDALIA MALDONADO | DEFENDANT'S NAME<br>TOTAL TRANSIT CORP |
| PLAINTIFF'S ADDRESS<br>515 MAGEE AVENUE<br>PHILADELPHIA PA 19111 | DEFENDANT'S ADDRESS<br>3099 ORTHODOX STREET<br>PHILADELPHIA PA 19137 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>[X] More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>[X] Non-Jury<br>☐ Other | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce    ☐ Settlement<br>☐ Minor Court Appeal    ☐ Minors<br>☐ Statutory Appeals    ☐ W/D/Survival |

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| RECEIVED | **FILED**<br>**PRO PROTHY** | YES    NO |
| SEP 2 7 2018 | SEP 18 2018 | |
| INTAKE/INTEL UNIT | M. BRYANT | |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant. CESAR M BOCACHICA , IDALIA MALDONADO

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>BERNARD M. GROSS | ADDRESS<br>TWO PENN CENTER<br>SUITE 1820 |
|---|---|
| PHONE NUMBER    FAX NUMBER<br>(215)561-3600    (215)561-3000 | 1500 JFK BLVD<br>PHILADELPHIA PA 19102 |
| SUPREME COURT IDENTIFICATION NO<br>2571 | E-MAIL ADDRESS<br>jim@bernardmgross.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>BERNARD GROSS | DATE SUBMITTED<br>Tuesday, September 18, 2018, 03:28 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Assessment of damages the
hearing is XXXXXX. Records
required.

NON-JURY

**LAW OFFICES**
**BERNARD M. GROSS, P.C.**
**Two Penn Center**
**1500 JFK Blvd., Suite 1820**
**Philadelphia, PA 19102**
**Phone: 215-561-3600/Fax: 215-561-3000**

| | |
|---|---|
| **CESAR M. BOCACHICA, an incapacitated person by IDALIA MALDONADO, his guardian** : | **COURT OF COMMON PLEAS** |
| **515 Magee Avenue** : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA 19111** : | |
| **v.** : | SEPTEMBER **TERM, 2018** |
| **SOUTHEASTERN PENNSYLVANIA** : | |
| **TRANSPORTATION AUTHORITY(SEPTA)** : | **NO.**   2339 |
| **1234 Market Street, 5ᵗʰ Floor** : | |
| **Philadelphia, PA 19107** : | |
| **and** : | |
| **TOTAL TRANSIT CORP.** : | |
| **3099 Orthodox Street** : | |
| **Philadelphia, PA 19137** : | |

**CIVIL ACTION**

**PLAINTIFF(S) DECLINE(S) TO PROVIDE INFORMATION REGARDING DATE OF BIRTH**

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff  You may lose money or property or other rights important to you. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAMA POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER THIS OFFICE MAY  BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE . | ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICIO DE REFENCIA E INFORMACION LEGAL One Reading Center Filadelfia, Pennsylvania 19017 Telefono:  (215) 238-6333 |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-6333 | |

1.      Plaintiff, Cesar M. Bocachica, is an incapacitated, special needs adult individual by reason of being legally blind and having profound mental retardation marked by cerebral palsy, congenital hydrocephalus, obstructive hydrocephalus, seizure disorder and development delay, residing at 515 Magee Avenue, Philadelphia, PA 19111.

2.      Idalia Maldonado is an adult individual residing at 515 Magee Avenue, Philadelphia, PA 19111. Ms. Maldonado is the guardian of the incapacitated Plaintiff, Cesar M. Bocachica.

3.      Defendant, Southeastern Pennsylvania Transportation Authority, (hereinafter referred to as "SEPTA") is a governmental entity doing business in the City and County of Philadelphia, Commonwealth of Pennsylvania, having it's principal business office located at 1234 Market Street, 5th Floor, Philadelphia, PA 19107.

4.      Defendant, Total Transit Corp., (hereinafter referred to as "TOTAL") is a corporation doing business in the City and County of Philadelphia, Commonwealth of Pennsylvania, having it's principal regional business office located at 3099 Orthodox Street, Philadelphia, PA 19137.

5.      At all times material, Defendants SEPTA and TOTAL, were for-profit businesses that *inter alia* provided transportation services for special needs individuals in and about the City of Philadelphia, by and through the ownership, lease, operation and/or maintenance of a fleet of CCT Connect paratransit vehicles.

6.      At all times material to the below referenced accident involving the Plaintiff, Defendant, SEPTA, acted or failed to act by and through its agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and/or within the course of their employment with Defendant, SEPTA, in furtherance of SEPTA's business and on behalf of SEPTA.

7.      At all times material to the below referenced accident involving the Plaintiff, Defendant, TOTAL, acted or failed to act by and through its agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and/or within the course of their employment with Defendant, TOTAL, in furtherance of TOTAL's business and on behalf of TOTAL.

8.      At all times material, Defendants individually and/or collectively acted as common carriers, owing the highest duty of care to their special needs and/or incapacitated passengers.

9.      At all times material, Plaintiff, Cesar M. Bocachica was a passenger and business invitee in Defendant's CCT Connect paratransit vehicle #6780, which was being operated and controlled by an as of yet unidentified driver, who was operating said vehicle and all vehicle restraint systems and devices as the agent, servant, workman and/or employee with Defendants, or either Defendant, within the course and scope of his/her authority and/or employment with Defendants.

10.    On or about June 4, 2018, at approximately 3:00 p.m. the as yet identified operator of the CCT Connect paratransit vehicle #6780, owned and operated by Defendants, did in the regular course of attending to Plaintiff's transportation needs, load Plaintiff who was then and there situated in a wheel chair, onto the CCT Connect vehicle by way of a mechanized lift, but after loading the Plaintiff onto the aforementioned vehicle, the operator failed to properly secure, harness, fasten and/or stabilize Plaintiff's wheel chair and/or person within the van, and as a result, soon after the operator started driving the van, at or about the intersection of 24th Street and Oregon Avenue, in Philadelphia, and while the van was in motion and accelerating, Plaintiff's wheelchair toppled over backwards, Plaintiff's feet were thrown over his head and the back of Plaintiff's chair landed violently onto the floor of the van as a result of which, Plaintiff suffered severe injuries hereinafter described.

## COUNT I

## CESAR M. BOCACHICA v. DEFENDANTS

## NEGLIGENCE

11.    Plaintiff, Cesar M. Bocachica hereby incorporates by reference the allegations contained in the above referenced paragraphs, inclusive as fully as though the same were herein set forth at length.

12.    The aforementioned accident was caused by the negligence and carelessness of the Defendants, by and through their agent, servant and/or employee, acting within the course and scope of his/her agency and/or employment with Defendants, which consisted of the following:

(a)    failing to properly secure, harness, fasten and/or stabilize Plaintiff's wheel chair and/or person within the van;

(b)    failing to supervise Plaintiff, a special needs individual, so as to keep him reasonably safe from risk of harm or injury;

(c)    failing to inspect Plaintiff's attachment to the interior of said van to adequately to ensure that Plaintiff, a special needs individual, was properly secured within the van and safe;

(d)    failing to provide and maintain proper supervision of Plaintiff, a special needs individual, before Plaintiff toppled over;

(e)    failing to provide and maintain proper safety measures and precautions relating to the security and safety of the Plaintiff before operating the vehicle;

2

(f)     failing to properly and adequately hire and/or instruct the operator of the van as to the safe and proper procedure for securing wheel chair bound special needs individuals to ensure their security safety during the operation of the vehicle;

(g)     failing to operate the van at a safe speed, and in a safe and reasonable manner under the conditions presenting;

(h)     failing to use due care under the circumstances;

(i)     violating applicable and pertinent statutes and ordinances;

(J)     such other acts or omissions which will or may be discovered during the course of discovery in this litigation.

13.     By reason of the above described occurrence, Plaintiff sustained serious bodily injuries to his head, body and extremities, some or all of which are or may be permanent including, but not limited to, acute left-sided back pain, hemoptysis, coughing up blood, passing blood, fever, pulmonary contusion and severe shock to the nerves and nervous system, as a result of which Plaintiff has suffered, still suffers and will continue to suffer for an indefinite time in the future, and which have prevented Plaintiff from attending to Plaintiff's daily duties and avocations, all to Plaintiff's great damage and loss.

14.     As a result of the injuries herein above described, Plaintiff was and will continue to be obliged to expend various sums of money for medicine and medical treatment in and about endeavoring to treat Plaintiff of said injuries, all to Plaintiff's great financial damage and loss.

**WHEREFORE**, Plaintiff demands judgment against Defendants in a sum in excess of Fifty Thousand Dollars ($50,000.00). The amount sued upon is in excess of that requiring submission to Compulsory Arbitration.

## COUNT II

## CESAR M. BOCACHICA v. DEFENDANTS

15.     The Plaintiff, Cesar M. Bocachica, hereby incorporates by reference, the allegations contained in above referenced paragraphs, inclusive, as fully as though the same were herein set forth at length.

16.     Defendants, SEPTA and TOTAL are governmental entities and/or businesses providing demand-response paratransit services for individuals with disabilities and Defendants' operations affect commerce. Consequently, SEPTA and/or TOTAL are subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et. seq.*, in

3

particular § 304 thereof, 42 U.S.C. § 12184.

17.    The conduct previously alleged in Count I violates Title III of the ADA and the Federal Regulations promulgated pursuant to Title III, 28 C.F.R. part 36 and 49, C.F.R. parts 27, 37 and 38.

18.    Title III of the ADA prohibits, *inter alia*, governmental entities primarily engaged in the business of transporting people with special needs and/or disabilities whose operations affect commerce from this community from discriminating against individuals with disabilities on the basis of their disability, and guarantees to them full and equal enjoyment of specified public transportation services.

19.    Defendants SEPTA and/or TOTAL have violated Title III of the ADA by, *inter alia*, failing to operate their services in a non-discriminatory manner, failing to ensure that individuals with disabilities effecting their ability to ambulate and who use wheelchairs, have non-discriminatory, safe access to vehicle transportation services; and failing to ensure that personnel are trained to be proficient regarding the safe operation of vehicles and equipment and with regard to the provision of respectful and courteous and proper service to passengers with disabilities.

20.    By their actions in failing to protect Plaintiff, Defendants, SEPTA and TOTAL, violated Title III of the ADA and engaged in reckless, wanton and outrageous conduct done with reckless indifference to the interests of the Plaintiff and others similarly situated.

21.    As a direct result of Defendants' reckless and wanton conduct done with reckless indifference to the interest of the Plaintiff, Plaintiff sustained the injuries, damages, and losses set forth above.

**WHEREFORE**, Plaintiff demands judgment against Defendants in a sum in excess of Fifty Thousand Dollars ($50,000.00). The amount sued upon is in excess of that requiring submission to Compulsory Arbitration.

LAW OFFICES
BERNARD M. GROSS, P.C.
BY:

BERNARD M. GROSS, I.D. No. 02571
Two Penn Center
1500 JFK Blvd., Suite 1820
Philadelphia, PA  19102
Phone:  (215) 561-3600
Fax:  (215) 561-3000
*Attorney for Plaintiffs*

4

## V E R I F I C A T I O N

IDALIA MALDONADO, being duly sworn according to law, deposes and says that she is the guardian ad litem of CESAR M. BOCACHICA, the incapacitated person in this action, that she takes this Verification on his behalf as his guardian, to the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of her knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

(IM)_____

**IDALIA MALDONADO**

Case ID: 180902339

# EXHIBIT "B"



 No Items in Cart   LOGOUT   etuite

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout

## Case Description

| | |
|---|---|
| **Case ID:** | 180902339 |
| **Case Caption:** | BOCACHICA ETAL VS SEPTA ETAL |
| **Filing Date:** | Tuesday , September 18th, 2018 |
| **Court:** | MAJOR NON JURY EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | MOTOR VEHICLE ACCIDENT |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | GROSS, BERNARD M |
| **Address:** | TWO PENN CENTER SUITE 1820 1500 JFK BLVD PHILADELPHIA PA 19102 (215)561-3600 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | BOCACHICA, CESAR M |

| Address: | 515 MAGEE AVE PHILADELPHIA PA 19111 | Aliases: | *none* | |
| --- | --- | --- | --- | --- |
| 3 | 1 | | PARENT NATURAL GUARDIAN-PLF | MALDONADO, IDALIA |
| Address: | 515 MAGEE AVE PHILADELPHIA PA 19111 | Aliases: | *none* | |
| 4 | | | DEFENDANT | SEPTA |
| Address: | 1234 MARKET ST 5TH FLOOR PHILADELPHIA PA 19107 | Aliases: | *none* | |
| 5 | | | DEFENDANT | TOTAL TRANSIT CORP |
| Address: | 3099 ORTHODOX ST PHILADELPHIA PA 19137 | Aliases: | *none* | |
| 6 | | | TEAM LEADER | SHIRDAN-HARRIS, LISETTE |
| Address: | 692 CITY HALL PHILADELPHIA PA 19107 | Aliases: | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
| --- | --- | --- | --- | --- |
| 18-SEP-2018 03:28 PM | ACTIVE CASE | | | 18-SEP-2018 04:52 PM |
| Docket Entry: | E-Filing Number: 1809037434 | | | |

| 18-SEP-2018 03:28 PM | COMMENCEMENT OF CIVIL ACTION | GROSS, BERNARD M | | 18-SEP-2018 04:52 PM |
|---|---|---|---|---|
| **Documents:** | ♪ Click link(s) to preview/purchase the documents<br>Final Cover | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | | |

| 18-SEP-2018 03:28 PM | COMPLAINT FILED NOTICE GIVEN | GROSS, BERNARD M | | 18-SEP-2018 04:52 PM |
|---|---|---|---|---|
| **Documents:** | ♪ Click link(s) to preview/purchase the documents<br>complaint against septa pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |

| 18-SEP-2018 03:28 PM | WAITING TO LIST CASE MGMT CONF | GROSS, BERNARD M | | 18-SEP-2018 04:52 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 27-SEP-2018 11:44 AM | AFFIDAVIT OF SERVICE FILED | GROSS, BERNARD M | | 27-SEP-2018 12:00 PM |
|---|---|---|---|---|
| **Documents:** | ♪ Click link(s) to preview/purchase the documents<br>boca aff 20180927103935 pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON SEPTA BY PERSONAL SERVICE ON 09/27/2018 FILED. (FILED ON BEHALF OF IDALIA MALDONADO AND CESAR M BOCACHICA) | | | |

| 01-OCT-2018 09:18 AM | AFFIDAVIT OF SERVICE FILED | GROSS, BERNARD M | | 01-OCT-2018 10:35 AM |
|---|---|---|---|---|
| **Documents:** | ♪ Click link(s) to preview/purchase the documents<br>boca 20181001081305 pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON TOTAL TRANSIT CORP BY PERSONAL SERVICE ON 09/29/2018 FILED. | | | |

**Entry:** (FILED ON BEHALF OF IDALIA MALDONADO AND CESAR M BOCACHICA)

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

E-Filing System        Search Home